*United States v. Griffin*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand twenty-one.

PRESENT:    PIERRE N. LEVAL,
            JOSÉ A. CABRANES,
            STEVEN J. MENASHI,
                    *Circuit Judges,*

---

UNITED STATES OF AMERICA,

                    *Appellee,*                    20-159

                    v.

RODNEY GRIFFIN,

                    *Defendant-Appellant*,

JAMES MCCLOUD, KASSIN RIVERS,

                    *Defendants.*

---

FOR APPELLEE:                                      Jonathan E. Algor and Susan Corkery,
                                                   Assistant United States Attorneys, *for*
                                                   Mark Lesko, Acting United States
                                                   Attorney, Eastern District of New York,
                                                   Brooklyn, NY.


FOR DEFENDANT-APPELLANT:                            Eunice C. Lee, Attorney, Appeals Bureau,
                                                   Federal Defenders of New York, Inc.,
                                                   New York, NY.


Appeal from a January 17, 2020 judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **VACATED IN PART** and **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant Rodney Griffin appeals from a judgment of conviction in which he was sentenced to fifty-seven months of imprisonment for bank robbery, to be followed by five years of supervised release. On appeal Griffin challenges his sentence, arguing that the District Court erred in imposing two conditions of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Griffin challenges the imposition of a standard supervised release condition, which authorizes a probation officer to require Griffin to notify third parties if the officer determines that Griffin poses a risk to them (the "risk condition"). In light of our decision in *United States v. Boles*,[1] the government consents to vacatur of this condition.[2] We vacate the risk condition and remand for the District Court to consider our decision in *Boles* and whether any condition that complies with that decision should be imposed.

Griffin also challenges the imposition of a special condition of supervised release, which requires him to "submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office" to a search by the probation officer (the "search condition").[3] He argues the search condition should be vacated for several reasons, including that it is excessively broad, that nothing

---

[1] 914 F.3d 95, 111–12 (2d Cir. 2019).

[2] Appellee Br. at 11.

[3] App'x 100.

about his crime of conviction suggests a reason to impose such a condition, and because an explanation for its imposition was not given by the District Court. The government consents to vacatur of this condition on the ground that no adequate explanation was given.[4] We therefore vacate the search condition.[5]

## CONCLUSION

For the foregoing reasons, we **VACATE** the risk condition and the search condition and we **REMAND** to the District Court for further proceedings consistent with this order. In the interest of judicial economy, any further appeal shall be directed to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] Appellee Br. at 13.

[5] We note that the search condition's language appears to be unclear as to whether it is intended to apply to an employer's computer equipment or electronic devices furnished to Griffin for use in the employer's business, which could impact Griffin's future employment prospects. We further admit some puzzlement over how this search condition is reasonably related to Griffin's crime of conviction (bank robbery).

Nevertheless, nothing in our decision is intended to preclude the District Court from imposing a search condition on remand, to the extent that it determines the condition is "reasonably related to (i) the nature and circumstances of the offense and the history and characteristics of the defendant, and (ii) the purposes of sentencing, including the need to afford adequate deterrence [and] to protect the public from further crimes of the defendant. . . ." *Boles*, 914 F.3d at 111 (quoting *United States v. Johnson*, 446 F.3d 272, 277 (2d Cir. 2006)); *see also* 18 U.S.C. § 3583(d). If the District Court decides to reimpose such a condition on remand, it should take care to provide an explanation for its decision to do so.

3